# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 24057 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Tavaris BANKS**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

————————————

On Remand from the United States Court of Appeals for the Armed Forces

Decided 23 June 2026

————————————

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged 3 February 2023 by SpCM convened at Osan Air Base, Republic of Korea. Sentence entered by military judge on 17 March 2023: Confinement for 45 days, reduction to E-5 with reduction below E-6 suspended until 16 September 2023, and a reprimand.

*For Appellant*: Major Frederick J. Johnson, USAF.

*For Appellee*: Colonel Zachary T. Eytalis, USAF; Lieutenant Colonel Abhishek S. Kambli, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Regina Henenlotter, USAF; Major Kate E. Lee, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEARLEY, and MCCALL, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case is before us for the second time. A special court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] Appellant elected sentencing by the military judge, who sentenced Appellant to confinement for three months, reduction to the grade of E-4, and a reprimand. The convening authority reduced Appellant's term of confinement to 45 days and approved a reduction in grade only to E-5, with reduction below E-6 suspended until 16 September 2023, at which time, unless the suspension had been vacated, the suspended part of the sentence would be remitted. The convening authority also provided the language for the reprimand.

On appeal to this court, Appellant raised seven issues. *See United States v. Banks*, No. ACM 24057, 2025 CCA LEXIS 578, at *2 (A.F. Ct. Crim. App. 18 Dec. 2025) (unpub. op.). As to six of these issues, this court found no relief was warranted. *See id.* at *2–3. However, this court did grant Appellant sentence relief pursuant to Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2), due to the Government's excessive post-trial delay in the processing of Appellant's court-martial.[2] *Id.* at *39–45. Specifically, this court "f[ou]nd it appropriate to partially disapprove Appellant's term of confinement and reduction in rank for the excessive delay." *Id.* at *45. In its decretal paragraph, this court affirmed the findings, but affirmed "only so much of the sentence as provides for confinement for 30 days, reduction to the grade of E-6, and a reprimand." *Id.*

Appellant petitioned the United States Court of Appeals for the Armed Forces (CAAF) for review. *See United States v. Banks*, __ M.J. __, 2026 CAAF LEXIS 449 (C.A.A.F. 19 May 2026) (mem.). In its decision, the CAAF stated:

> [W]e note that the Court of Criminal Appeals found it appropriate to partially disapprove Appellant's term of confinement and reduction in rank for excessive post-trial delay. The convening authority approved a reduction to the grade of E-5, with reduction below E-6 suspended until 16 September 2023, at which time, unless the suspension had been vacated, the suspended part of the sentence would be remitted. With the reduction below E-6 remitted, the approval of the reduction to E-6 by the Court of Criminal Appeals in the decretal paragraph of its decision

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] This court did not find Appellant suffered either cognizable prejudice from the delay or a violation of his due process rights. *See Banks*, unpub. op. at *42–44.

appears not to have provided the partial relief of the reduction in rank it noted earlier in its opinion.

*Id.* at *1. The CAAF then granted Appellant's petition on the following issue: "The Air Force Court of Criminal Appeals determined that partially disapproving Appellant's reduction in rank is appropriate relief for unreasonable post-trial delay. Did the Air Force Court of Criminal Appeals err when it failed to disapprove any of the reduction in rank not previously remitted?" *Id.* The CAAF affirmed this court's opinion as to findings, set it aside as to sentence, and returned the record for remand to this court "for a new review of the sentence, consistent with this order . . . ." *Id.* at *2.

Accordingly, having once again reviewed the sentence, we take this opportunity to clarify our prior opinion. With regard to Appellant's reduction in rank, this court's intent was, and remains, to set aside the portion of the approved sentence that provides for a suspended reduction to the grade of E-5. This court's intent was, and remains, that after our Article 66, UCMJ, review, Appellant's affirmed sentence would simply provide for his reduction from the grade of E-7 to the grade of E-6.

We recognized then, and we recognize now, that the approved suspended reduction to E-5 was presumably remitted on 16 September 2023, in the absence of any contrary indication in the record. *See Banks*, unpub. op. at *2 (noting the suspended reduction). Indeed, this court's opinion commented that "so far as the record indicates, after his confinement Appellant continued to serve as a noncommissioned officer in the Air Force in the grade of E-6." *Banks*, unpub. op. at *42. We further recognize that this aspect of the sentence relief provided in our prior opinion may provide no substantial material benefit to Appellant. However, as we noted in our prior opinion, with respect to relief for excessive post-trial delay pursuant to Article 66(d)(2), UCMJ, the CAAF recently held that such relief is not required to be "objectively meaningful," but merely "appropriate." *See id.* at *41–42 (quoting *United States v. Valentin-Andino*, 85 M.J. 361, 364 (C.A.A.F. 2025)). In *Valentin-Andino*, the CAAF concluded:

> If a Court of Criminal Appeals decides relief is warranted for excessive post-trial delay under Article 66(d)(2)[, UCMJ,] that relief must be "appropriate," meaning it must be suitable considering the facts and circumstances surrounding that case. This does not require a Court of Criminal Appeals to provide relief that is objectively meaningful, and it does not obligate a Court of Criminal Appeals to explain its reasoning regarding the relief it does provide.

85 M.J. at 367.

It may be this court's prior opinion was not sufficiently clear in indicating its intent with respect to modifying the approved sentence. With respect to the reduction in grade, this court's intent was, and is, merely to remove that part of the approved sentence that provided for the suspended reduction to the grade of E-5. That relief as to the reduction, which we described as partial disapproval in our prior opinion, may appear essentially symbolic and not objectively meaningful, but—combined with the reduction in Appellant's term of confinement from 45 days to 30 days—it is the extent of the relief that we find appropriate under the circumstances. We did not, and do not, find appropriate relief calls for an actual change to Appellant's grade. We understand these conclusions are consistent with our authority under Article 66(d)(2), UCMJ, and the CAAF's guidance in *Valentin-Andino*.

Having conducted a new review of the sentence, we do not find it appropriate to reduce the amount of sentence relief this court previously provided, nor do we find it appropriate to disapprove Appellant's reduction in rank from E-7 to E-6, nor to otherwise modify the amount of relief previously provided.

The findings having been previously affirmed, we affirm only so much of the sentence as provides for confinement for 30 days, reduction to the grade of E-6, and a reprimand. The sentence, as modified, is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the sentence, as modified, is **AFFIRMED**.

FOR THE COURT

SEAN J. SULLIVAN, Maj, USAF
Acting Clerk of the Court